UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TYRONE RIVERS,

                              Plaintiff,

                                                               Case # 12-CV-6593-FPG

v.

                                                                 DECISION AND ORDER

CORRECTION OFFICER R. PAIGE, et al.,

                              Defendants.
_____

      Plaintiff Tyrone Rivers, a former inmate of the New York State Department of Corrections and Community Services ("DOCCS"), filed this suit seeking damages based upon his 82-day confinement in the Special Housing Unit ("SHU"), and the loss of 30 days of good time credits. By Decision and Order dated March 6, 2014, I dismissed the claim related to Plaintiff's 82-day SHU confinement and allowed the claim regarding the loss of good time credits to proceed, while also allowing Defendants to file a properly supported summary judgment motion regarding the latter claim. *See* Dkt. #12. Defendants have now moved for summary judgment, arguing that Plaintiff never lost any good time credits. Despite being notified of the consequences of doing so, Plaintiff has failed to respond to the motion. Because Plaintiff did not lose any good time credits, Defendant's motion is granted, and this case is dismissed, with prejudice.

BACKGROUND

      Plaintiff's Complaint recites many details of an alleged incident that occurred while he was confined[1] at the Elmira Correctional Facility ("Elmira"), which resulted in prison

---

[1] Plaintiff had been released from DOCCS custody by the time he filed this lawsuit.

disciplinary charges being brought against Plaintiff. The details of the underlying incident are not relevant to the pending motion for summary judgment.

What is relevant is that Plaintiff alleges that Defendant Paige, a DOCCS Corrections Officer at Elmira, refused to escort Plaintiff to the Superintendent's hearing on the disciplinary charge, and as a result, Plaintiff could not defend himself against the charges. Plaintiff further alleges that Defendant Mahunik, a DOCCS Hearing Officer at Elmira, improperly conducted the Superintendent's hearing in his absence, and that the combination of these actions resulted in Plaintiff being found guilty of the disciplinary charges at the hearing, and being sentenced to 90 days[2] confinement in the SHU, along with the loss of 30 days "good time" credit. Dkt. #1.

Plaintiff further states in his Complaint that he filed an administrative appeal regarding the outcome of the Superintendent's hearing, and the Plaintiff and Defendants agree that based upon that appeal, the disciplinary sentence was reversed. *Id.*

Prior to filing an Answer, Defendants moved to dismiss the Complaint, arguing that Plaintiff's claims fail to state a claim upon which relief could be granted. Dkt. #6. By Decision and Order dated March 6, 2014 (Dkt. #12), 2014 WL 897094, I dismissed the claim as it related to Plaintiff's SHU confinement, finding that his claim did not implicate a protected liberty interest.

At the same time, I allowed the claim based upon the loss of good time credits to proceed, as it was unclear if Plaintiff was referring to good time credits he had already earned, or his ability to earn future good time credits, and it was also unclear what effect the reversal of Plaintiff's disciplinary sentence had on those credits. In that same Order, I informed Defendants

---

[2] Although Plaintiff was sentenced to 90 days in the SHU, he actually served 82 days in the SHU due to the reversal of his tier (disciplinary) hearing.

that "[i]f Plaintiff's good time credit was indeed restored, the Defendants may re-raise that issue through a properly supported summary judgment motion." (Dkt. #12).

Defendants have now moved for summary judgment, arguing that Plaintiff never lost any good time credits. Despite being given sufficient time to respond and being advised of the consequences of failing to do so, Plaintiff has not responded to the motion.

## DISCUSSION

The standard for ruling on a summary judgment motion is well known. A party is entitled to summary judgment "if the movant shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (internal quotation marks omitted).

When considering a motion for summary judgment, all genuinely disputed facts must be resolved in favor of the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007). In order to establish a material issue of fact, the non-movant need only provide "sufficient evidence supporting the claimed factual dispute" such that a "jury or judge [is required] to resolve the parties' differing versions of the truth at trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986) (quoting *First Nat'l Bank of Arizona v. Cities Serv. Co.*, 391 U.S. 253, 288–89 (1968)). Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e) advisory committee's note on 1963 amendments). If, after considering the evidence in the light most

favorable to the non-moving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott*, 550 U.S. at 380 (citing *Matsushita*, 475 U.S. at 586-587)

Federal Rule of Civil Procedure 56(e) provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Rule of Civil Procedure 56(a)(2) also provides that "[e]ach numbered paragraph in the moving party's statement of material facts will be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement."

In this case, Plaintiff was advised of the consequences of failing to respond to Defendants' summary judgment motion. Defendants' motion for summary judgment was served and filed with a "Notice to *Pro Se* Litigant Opposing Motion for Summary Judgment," accompanied by the full *Irby* notice, which is attached to Docket No. 14-1, as Ex. A, pursuant to Local Rule of Civil Procedure 56 (b). Since Plaintiff has failed to respond, the Court may assume the truth of Defendant's factual assertions, and proceed to determine if summary judgment is warranted based upon those facts. *See Morrison v. Dr. Pepper Snapple Group*, 916 F. Supp. 2d 372 (W.D.N.Y. 2013); *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996).

There is no doubt that inmates have a liberty interest in good time credit they have already earned. *Wolff v. McDonnell*, 418 U.S. 539, 556-58, (1974). On the other hand, an inmate has no liberty interest in the opportunity to earn good time credit. *Abed v. Armstrong*, 209 F.3d 63, 66–67 (2d Cir. 2000) (noting that good time credit is a discretionary matter and thus an inmate has no liberty interest in the opportunity to earn good time credit).

The Rule 56 statement filed with Defendants' Motion for Summary Judgment avers that "Plaintiff never lost any good time as a result of the March 15, 2011 tier hearing, as the determination was reversed and expunged before the Time Allowance Committee could pass on the loss of good time."

In support of this statement, Defendants offer the declaration of Wendy King, an Inmate Records Coordinator for DOCCS. The King declaration establishes that "when an inmate is found guilty at a tier hearing and sentenced to loss of good time, the cut in time does not become effective until TAC [the Time Allowance Committee] reviews the sentence. TAC can uphold the loss of good time, modify it downwards, or restore it entirely. No loss of good time is effective until TAC ratifies the loss of good time." Dkt. #14-4. As it specifically relates to the allegations in this case, King states that she reviewed Plaintiff's DOCCS records, and that "[w]hile [Plainitff] was initially sentenced to a loss of good time at a tier hearing in 2011 which is the subject of this litigation, the determination was reversed and expunged before a TAC determination was made. Accordingly, Plaintiff never lost any good time as a result of the 2011 tier hearing." *Id.*

By failing to respond to the motion, Plaintiff has not challenged the statements contained in the King declaration nor in the Defendants' Rule 56 Statement of Facts, and therefore, I accept those statements. As a result, Defendants have established that there are no material facts in dispute regarding this claim, and that Plaintiff did not lose any good time credits as a result of the DOCCS disciplinary process he complains about in this action. Having suffered no injury, Plaintiff cannot maintain his cause of action, and the Defendants are entitled to summary judgment.

CONCLUSION

Based upon the foregoing, Defendants' Motion for Summary Judgment (Dkt. #14) is GRANTED, and the Complaint is dismissed, with prejudice. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Any request to proceed *in forma pauperis* on appeal should be directed by motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED:   June 16, 2014
         Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge